FILED

**NOT FOR PUBLICATION**

JUN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLACKAMAS COUNTY, a political subdivision of the State of Oregon,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MIDWEST EMPLOYERS CASUALTY COMPANY,<br><br>　　　　　Defendant - Appellee. | No. 11-35063<br><br>D.C. No. 3:07-cv-00780-PK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Submitted January 13, 2012[**]
Seattle, Washington

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY,
District Judge.[***]

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Appellant Clackamas County, Oregon (the County) challenges the Magistrate Judge's grant of summary judgment in favor of Appellee Midwest Employers Casualty Company (Midwest). The County purchased an insurance policy for workers' compensation and employers' liability indemnity (the Policy) from Midwest.

The County subsequently filed a civil action against Midwest for breach of contract. The Magistrate Judge held that no coverage existed under the Policy for claims against the County and its agencies, but that coverage could exist for claims made by the individual defendants for indemnification. Midwest then filed a Motion for Summary Judgment as suggested by the court, which was granted. The court concluded that the County had not carried its burden of producing evidence from which a jury could determine damages attributable to the covered claims.

Because the County offered no evidence to show what portion of the settlement was indemnification of the individual employees, any apportionment determination would be completely speculative. As the Magistrate Judge noted, the settlement agreement did not discuss what amount went to which claims. In addition, the County offered no paperwork or accounting tracing the funds used to indemnify the individual employees.

The County frames the issue on appeal as whether the Magistrate Judge erred in requiring contemporaneous allocation of the settlement proceeds. However, that was not the basis of the Magistrate Judge's ruling. Instead, the Magistrate Judge found that no probative evidence of damages was presented, as measured by satisfaction of the County's obligation to indemnify its individual employees.

Because the County failed to raise a material issue of fact regarding damages, entry of summary judgment in favor of Midwest was appropriate. *See Earl*, 658 F.3d at 1112.

**AFFIRMED.**

FILED

JUN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Clackamas County v. Midwest Employers 11-35063

CONCURRENCE, Molloy D.J.

I concur in the disposition of this appeal, but I do not necessarily agree with the characterization of the Magistrate's findings.